**WO**                                                                                  BL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Sallomi, | ) No. CV 05-3326-PHX-DGC (ECV) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph Arpaio, | ) |
| Defendant. | ) |

Plaintiff Joseph Sallomi, currently confined in the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to § 1983.[1]  This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.   The Court will order that the action be served upon Defendant Arpaio..

**A.    Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  An initial partial filing fee of $5.00 will be assessed by this Order.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in <u>Hart v. Hill</u>, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in <u>Hart</u> asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.    Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

**C.    Complaint.**

Plaintiff names as a Defendant Joseph Arpaio, Sheriff of Maricopa County, alleging that he has created procedures and trained personnel.  Plaintiff argues that his constitutional rights were violated by (1) overcrowding resulting in an inability to eat meals in a timely fashion, (2) denial of visitation, and (3) unsanitary conditions in the food service area.  Plaintiff seeks monetary and other relief.

**D.    Failure to State a Claim.**

*1.    Hart v. Hill*

Throughout his Complaint, Plaintiff refers to <u>Hart v. Hill</u>, No. CIV 77-0479-PHX-EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended Judgment

1  in that action.  Jurisdiction to enforce the judgment is retained by the court which entered
2  it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action is not the
3  proper means by which to enforce the decree.  Cagle v. Sutherland, 334 F.3d 980, 986 (11th
4  Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525,
5  534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986).  Standing
6  alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages
7  because such orders do not create "rights, privileges, or immunities secured by the
8  Constitution and laws."  Green, 788 F.3d at 1123-24.  Remedial decrees are the means by
9  which unconstitutional conditions are corrected but they do not create or enlarge
10 constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his
11 claim is not properly brought in this action.  Instead, his allegations must separately state
12 a violation of a constitutional right.

13  2.    *Overcrowding*

14      Allegations of overcrowding, alone, are insufficient to state a claim under the Eighth
15 Amendment.  See Rhodes v. Chapman, 452 U.S. 337, 348 (1981).  However, when
16 overcrowding causes an increase in violence or reduces the provision of other
17 constitutionally required services, or reaches a level where the institution is no longer fit
18 for human habitation, the inmate's right against cruel and unusual punishment may be
19 violated.  See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989); Toussaint
20 v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984).

21      The failure to provide sufficient access to a specific room for meals is not a
22 constitutional violation in and of itself.  See Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th
23 Cir. 1981) (providing that "[i]dleness and the lack of programs are not Eighth Amendment
24 violations . . . [because] [t]here is no constitutional right to rehabilitation").  Plaintiff did
25 not demonstrate that his constitutional rights were violated because he would have to rush
26 through a meal, particularly given the fact that he has an alternative area in which he could
27 slowly consume his meal.  Plaintiff thus fails to demonstrate that his constitutional rights
28 were violated by overcrowding due to the fact that he had to either rush through his meal

1  or eat at his bunk.   The failure to provide a specific room in which to eat is not a
2  constitutionally required service.   Accordingly, this Count will be dismissed without
3  prejudice.

4  *3.*   *Visitation*

5      Inmates do not have a right to "unfettered visitation." <u>Kentucky Dept. of</u>
6  <u>Corrections v. Thompson</u>, 490 U.S. 454, 460 (1989).   Denial of contact visitation does not
7  violate an inmate's constitutional rights.  <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1113 (9th
8  Cir. 1986).   Plaintiff alleges that <u>Hill v. Hart</u> provided that "contact should not be
9  unreasonably withheld."   Plaintiff alleges that due to the no-contact visit policy, he was
10  denied his right to have contact with his fiancee and family.   Plaintiff does not have the
11  right to a contact visit, and a no-contact visitation policy does not result in a denial of his
12  constitutional rights.

13  **E.**   **Claims For Which An Answer Will be Required.**

14      At this early stage, Plaintiff sufficient alleges that his constitutional rights were
15  violated by   unsanitary conditions in the food service area.   Defendant Arpaio will be
16  ordered to answer this claim.

17  **F.**   **Warning of Possible Dismissal Pursuant to Rule 41.**

18      Plaintiff should take notice that if he fails to timely comply with every provision of
19  this Order, or any order entered in this matter, this action will be dismissed pursuant to
20  Rule 41(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,
21  1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order
22  of the Court).

23  **IT IS THEREFORE ORDERED that:**

24      (1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted
25  pursuant to 28 U.S.C. § 1915(a)(1).

26      (2)   Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
27  Plaintiff is assessed an initial partial filing fee of $5.00.   All fees shall be collected and paid

28

in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) Counts I and II are dismissed without prejudice.

(4) Defendant Arpaio is ordered to answer Count III.

(5) The Clerk of Court shall send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(6) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure Rule 4(h). The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service

1   of the summons and of the costs subsequently incurred in effecting service upon

2   the Defendant.   The costs of service shall be enumerated on the return of service

3   form (USM-285) and shall include the costs incurred by the Marshal for

4   photocopying additional copies of the Summons, Complaint, or this Order and for

5   preparing new process receipt and return forms (USM-285), if required.   Costs of

6   service will be taxed against the personally served defendant pursuant to Rule

7   4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by

8   the Court.

9   (10) **A Defendant who agrees to waive service of the Summons and Complaint shall**

10   **return the signed waiver forms to the United States Marshal, not the Plaintiff.**

11   (11)   Defendant shall answer the Complaint or otherwise respond by appropriate

12   motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

13   Rules of Civil Procedure.

14   (12) Any answer or responsive pleading shall state the Defendant by name on

15   whose behalf it is filed.   The Court may strike any answer, responsive pleading, or other

16   motion or paper that does not identify the Defendant by name on whose behalf it is filed.

17   (13)   Plaintiff shall serve upon Defendant, or if appearance has been entered by

18   counsel, upon counsel, a copy of every further pleading or other document submitted for

19   consideration by the Court.   Plaintiff shall include with the original document and copy, to

20   be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

21   the pleading or document was mailed to Defendant or counsel.   Any paper received by a

22   District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court

23   may be disregarded by the Court.

24   (14)   At all times during the pendency of this action, Plaintiff shall immediately

25   advise the Court and the United States Marshal of any change of address and its effective

26   date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."   The notice

27   shall contain only information pertaining to the change of address and its effective date.

28   Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not

include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(15)   A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(16)   This matter is referred to Magistrate Edward C. Voss pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

DATED this 1st day of November, 2005.


David G. Campbell
United States District Judge