BL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Sallomi, | No. CV 05-3326-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a county jail inmate, Defendant has moved to dismiss (Dkt. #7) for lack of exhaustion. Plaintiff has failed to respond. After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**A.   Background**

Plaintiff filed a complaint naming as a Defendant Joseph Arpaio, Sheriff of Maricopa County, alleging that Plaintiff's constitutional rights were violated due to (1) overcrowding, (2) denial of visitation, and (3) unsanitary conditions. (Dkt. #1.) This Court dismissed Counts I and II without prejudice and ordered Defendant Arpaio to answer Court III. (Dkt. #3.) Arpaio was then served with the Complaint, and subsequently filed a Motion to Dismiss. (Dkts. ## 5, 6.) Plaintiff was mailed notice and informed of his need to file a response; however, the mail was returned as undeliverable. (Dkts. ## 8, 9, 11.) The time for filing a response has expired.

In his Motion to Dismiss, Defendant argues that Plaintiff has failed to exhaust his administrative remedies because Plaintiff did not avail himself of the Maricopa County Sheriff's Office inmate grievance procedure. (Dkt. #7.) Defendant has attached various

documents to his motion, including (1) Plaintiff's Complaint, (2) Zelean Tademy's, a Maricopa County Sheriff's Office Hearing Officer for inmate discipline and grievances, affidavit, (3) the Maricopa County Inmate Grievance policies, and (4) an internal grievance filed by Plaintiff in which he complained about overcrowding. (Dkt. #7.)

**B.  Failure to Respond**

Local Rule of Civil Procedure 83.3(d) provides that a Plaintiff must file and serve a notice of change of address 10 days before his move is effective. Additionally, in the instructions for a prisoner filing a civil rights complaint, the notice of assignment, and the service order, Plaintiff repeatedly was notified that he must inform this Court of any change of address. (Dkts. ## 2, 3.) Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so). Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, was advised of his obligation to respond to it, and was informed that failure to do so may "be deemed a consent to the granting of that Motion." (Dkt. #8.) Despite these warnings, Plaintiff has failed to respond to Defendant's Motion to Dismiss. Moreover, mail sent to Plaintiff has been returned as undeliverable. (Dkt. #9, 11.) Accordingly, Plaintiff's failure to respond to the Motion to Dismiss will be construed as a consent to the granting of it. Alternatively, because Plaintiff has failed to notify this Court of his change of address, his action will be dismissed pursuant to Rule 41(b). However, out of an abundance of caution, the merits of Defendant's Motion to Dismiss will be addressed.

- 2 -

**C.     Legal Standard on Motion to Dismiss**

In ruling on a motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." McGary v. City of Portland, 386 F.3d 1259, 1261 (9th Cir. 2004); see also Rhodes v. Robinson, 408 F.3d 559, 563 n.1 (9th Cir. 2005).

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002).

"The defendants have the burden of raising and proving a prisoner's failure to exhaust under the PLRA." Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). "A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies." Id. at 1120. The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Id.; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

**D.     Analysis**

An inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate

1 may appeal his decision to the jail commander, whose decision may be appealed to an
2 External Referee.  The External Referee's decision is final.

3     Tademy averred that the detention officers pass out grievances as part of their duties,
4 and grievances are not ignored. (Dkt. #7, Exh. 1.) Tademy attested that Plaintiff "has filed
5 several grievances unrelated to his claims in this case, [and] he has not completed any
6 external grievance appeals." (Id.). Notably, Plaintiff filed an internal grievance complaining
7 about overcrowding.  (Dkt. # 7, Exh. 4.)

8     Defendant has demonstrated the existence of a grievance system which was made
9 available to the Plaintiff.  However, Plaintiff has failed to submit evidence supporting a
10 conclusion that he availed himself of that system as to Count III, despite the fact that he has
11 filed unrelated grievances.  Accordingly, based on the evidence before this Court, Plaintiff
12 failed to exhausted his administrative remedies, and Defendant's Motion to Dismiss will be
13 granted.

14     **IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. #7) is **granted**.
15 Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court
16 shall enter a judgment of dismissal accordingly.

17     DATED this 12th day of May, 2006.

David G. Campbell
United States District Judge